# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

## TERRITORY OF HAWAII.

JOHN E. BUSH, MARY J. BUSH, A. K. KUNUIAKEA, KAHILIOPUA (w) and IALUA *v.* THE TERRITORY OF HAWAII.

ORIGINAL.

SUBMITTED JULY 11, 1900.          DECIDED AUGUST 1, 1900.

FREAR, C.J., GALBRAITH, J., AND CIRCUIT JUDGE HUMPHREYS IN PLACE OF PERRY, J., ABSENT.

Ejectment does not lie against the government under the Act of March 16, 1895, relating to suits against the government.

OPINION OF THE COURT BY FREAR, C.J.

This is an action of ejectment to recover possession of certain parcels of land situated in the city of Honolulu—part of what was formerly known as the Charles Kanaina estate. The defend-

ant demurred generally, and the sole question necessary to determine is whether ejectment lies against the Territory.

It is conceded that the government may be sued only in so far as it consents, but it is contended that actions of ejectment may be maintained against it under Section 1 of the Act of March 16, 1895, (as now amended by the Organic Act) which gives the Supreme Court jurisdiction of "all claims against the Government founded upon any statute of the Territory; or upon any regulation of an Executive Department; or upon any contract, expressed or implied, with the Government, and all claims which may be referred to it by either House of the Legislature."

The only clause relied upon in this provision of the statute is the first—relating to claims founded upon a statute, and the only statute referred to as one upon which the claim might be founded is that under which actions of ejectment are brought. But clearly a statute under which an action may be brought is not a statute upon which a claim is founded. Claims against the government may be founded upon statutes which provide for the payment of salaries, pensions, subsidies, bonds, &c., but not upon a statute which merely provides to some extent what course of procedure may be pursued in ordinary actions of ejectment.

It is further contended that actions of ejectment lay against the government under the former statute (Ch. 51, Laws of 1888), and that in repealing that statute in so far as it related to actions against the Government, and enacting the new statute above referred to, the Legislature intended, not to limit the classes of actions that might be brought against the Government, but merely to prescribe a condition of loyalty on the part of the claimant; and that this is shown by the requirement in Section 6 of an allegation that the claimant, if a citizen, has at all times borne true allegiance to this Government, &c., and by the circumstances arising out of the overthrow of the monarchy and the establishment of the Provisional Government in 1893. As we understand it, the change was made, not in view of the events of 1893, but in view of the insurrection of 1895 and of the decisions of the court in *High v. Hawaiian Government*, 8 Haw.

546, and *Dillingham v. Hawaiian Government,* 9 Ib. 101, that under the former statute the Government was liable in actions of tort. The statute was radically changed and for the very purpose of limiting actions against the Government to those *ex contractu.*

The statute now in force was taken substantially from that of the United States relating to the court of claims. In *Langford v. United States,* 101 U. S. 341, the Supreme Court of the United States held that the statute limited the jurisdiction of the Court of Claims to cases *ex contractu,* and that an action would not lie against the United States for the use and occupation of land which the Government claimed as its own, whatever might be the rule in case the Government had taken the land for public use recognizing its private ownership in others. *United States v. Lee,* 106 *Ib.* 196, relied on for the Territory, was not brought in the Court of Claims under the statute from which ours is taken. It was an ordinary action of ejectment brought originally in a state court by a private person against other persons in their private capacity and was subsequently removed into a Circuit Court of the United States, where the Attorney-General appeared specially and set up the claim of the United States. It was agreed that the action could not have been maintained against the United States, not upon the particular ground that ejectment did not come within the terms of the statute, for it was clear that the statute had no application to that case, but upon the general ground that the Government could not be sued without its consent, and the question was whether ejectment could be maintained against the individual defendants when they claimed to hold only on behalf of the Government. A bare majority of the court held that it could under the circumstances of that case. But, as already stated, it was taken for granted that ejectment would not lie against the Government itself, and the minority of the court, referring to the statute relating to the Court of Claims from which ours is taken, said (p. 240), "No act of Congress has conferred upon that court, or upon any other tribunal, gen-

eral jurisdiction of suits against the United States to recover possession of real property, or to redress a tort."

Having held that ejectment cannot be maintained against the Government in any event under the statute, we need not express an opinion upon the question whether, if the statute in terms permitted it, the action could have been maintained against the Republic, against which it was commenced, or could now be maintained against the Territory, notwithstanding the cession and transfer of the lands and other property of the Republic to the United States under the Joint Resolution of Annexation.

The demurrer is sustained and the complaint dismissed.

*Magoon & Long* for the plaintiffs.

*L. M. Robbins*, Assistant to the Attorney-General, for the defendant.