**UNITED STATES of America, Appellant and Cross-Appellee,**

v.

**PHOENIX INDEMNITY COMPANY and**

**The Century Indemnity Company, Appellees and Cross-Appellants.**

No. 7134.

United States Court of Appeals Fourth Circuit.

Argued March 23, 1956.

Decided April 9, 1956.

S. Dee Hanson, Attorney, Department of Justice (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott and Fred E. Youngman, Attorneys, Department of Justice, Edwin M. Stanley, U. S. Atty., and Robert L. Gavin, Asst. U. S. Atty., Greensboro, N. C., on brief), for appellant and cross-appellee.

Claude C. Pierce, Jr., Greensboro, N. C. (Kenneth M. Brim, and Brooks, McLendon, Brim & Holderness, Greensboro, N. C., on brief), for appellees and cross-appellants.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit was brought by the United States against Phoenix Indemnity Company and The Century Indemnity Company, co-sureties on a performance and payment bond of January 16, 1952 which was executed by Crystal Lumber Co., Inc. as principal, in connection with a construction contract of even date between it and the Housing Authority of the City of Fayetteville, North Carolina, for the construction of a low cost housing project. The purpose of the suit is to recover certain sums assessed against the Crystal Lumber Co. for unemployment taxes, withholding taxes and Social Security taxes which accrued during the progress of the work.

The Government claimed that the sureties are liable for the payment of these taxes by reason of provisions of the construction contract and of the performance and payment bond. The construction contract provided that Crystal Lumber Company, as contractor, should "provide and pay for all materials, labor, * * * taxes legally collectible because of the work and all other services and facilities of every nature whatsoever necessary to execute the work under the contract." * * * The condition of the performance and payment bond was that if the principal should "well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of the construction contract; * * *" and if the principal should "promptly make payment to all persons supplying labor and materials in the prosecution of the work, * * *", then the obligation should be void and of no effect, otherwise to remain in full force and virtue. The obligors in the bond were the Crystal Lumber Company, as principal, and the surety companies as surety, and the obligee in the bond was the Housing Authority of the City of Fayetteville, North Carolina. The penalty of the bond was $1,214,000.

On or about January 29, 1952 the Crystal Lumber Co. began the construction of the project and continued therein until March 11, 1953 when it executed a contract with the Housing Authority and the two sureties, acknowledging that it was in default, and the surety companies agreed to undertake the performance of the contract. During the intervening period the taxpayer was the employer of divers individuals on the work and as the result thereof the Commissioner of Internal Revenue made certain assessments against it representing taxes, penalty and interest due under certain federal taxing statutes. These assessments include the sum of $1239.01 for federal unemployment taxes for the calendar year 1952; and $1774.88 for the employer's portion of the Federal Insurance Contributions Act taxes for the last two quarters of 1952 and the first quarter of 1953. The judge found that the sureties were liable to the United States for the aggregate amount of these taxes in the sum of $3013.89. In addition to these taxes the Commissioner assessed against the employer the aggregate sum of $14,287.51 for withholding taxes and the employees' portion of the Federal Insurance Contributions Act taxes for the same periods. The judge held that the surety companies were not liable for the taxes composing this assessment. Both par-

ties have appealed. We are of opinion that the sureties were liable under the bond for all of the taxes mentioned and that the judgment of the District Court must accordingly be modified.

 Our conclusion is based upon the provisions of the bond under which the sureties guaranteed the performance of all covenants and agreements undertaken by Crystal Lumber Co. in the contract, and these included the agreement to pay all the taxes collectible because of the work, a provision plainly broad enough to cover not only the taxes payable by the employer, such as unemployment taxes and the employer's portion of the Federal Insurance Contributions taxes, but also the withholding taxes which are credited on the income taxes due by the employees and the employees' portion of the Federal Insurance Contributions taxes. It is to be noted that the contract was referred to in the bond and hence the contract may properly be regarded as a part of the sureties' undertaking and may be considered in its interpretation. Massachusetts Bonding & Ins. Co. v. Feutz, 8 Cir., 182 F.2d 752, 757: It is true that the United States was not a party to the contract or the bond, but the bond was made for the Government's protection and it is entitled to sue thereon as a third party beneficiary. United States v. Scott, 8 Cir., 167 F.2d 301; American Equitable Assur. Co. of New York v. Helvering, 2 Cir., 68 F.2d 46; Voorhees v. Porter, 134 N.C. 591, 602, 47 S.E. 31, 65 L.R.A. 736.

This conclusion is not at variance with our decision in United States v. Crosland Const. Co., 4 Cir., 217 F.2d 275, and the line of cases therein discussed. In each of these cases suit was brought on a surety bond given by a contractor to ensure the performance of the contract work; and the condition of the bond related to the obligation of the contractor to make payment to persons supplying labor and material to the work and did not refer to the obligation of the contractor to pay taxes due the Government. It was held that if the employer-contractor withheld from the wages of his employees taxes due by them to the Government and paid the employees the balance of their wages, his contractual obligation so far as wages were concerned was discharged and that the sums withheld by him were not wages within the terms of the bond, but taxes due by the employer to the Government, and that the surety was not liable on the bond for the failure of the employer to pay the sums withheld to the United States. It is plain that these decisions are not controlling in the present instance, for the bond in this suit covered not only the obligation of the employer to pay the wages earned by his employees but also to pay the taxes collectible because of the work; and there can be no doubt that the sums of money sued for were either taxes payable directly by the employer to the United States, or monies withheld by him from the wages of his employees under the federal tax statutes which had become taxes due the Government in his hands under the cited cases.

The judgment of the District Court will be modified to conform to this opinion.

Modified.