## PACIFIC TRANSPORT LINES, INC. *v.* TERRITORY OF HAWAII.

### No. 4030.

ARGUED JULY 3, 1958.                    DECIDED OCTOBER 21, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY RICE, C. J.

This is an appeal from an order of dismissal entered in civil number 2102 in the circuit court, first circuit, Territory of Hawaii.

The complaint in the court below was filed August 2, 1956. Therein the plaintiff, now appellant, alleged itself to be a California corporation, the defendant, now appellee, a duly organized Territory of the United States; that:

> "This action is against the defendant upon an implied contract and is brought in accordance with Chapter 220, Revised Laws of Hawaii 1945, as amended, by virtue of which defendant has waived its immunity to suit and has consented to be sued in this Court on the cause of action set forth herein."

Quoting from the statement of the case in the opening brief of the plaintiff-appellant, the allegations setting forth the cause of action in the complaint included the following:

> "That appellant was the owner of the steamship Philippine Transport.
>
> "That one A. N. Hasselgren was employed as a pilot by the appellee Territory of Hawaii under Section 4987, Revised Laws of Hawaii 1945, and that under said section it was his duty as pilot to board vessels approaching Honolulu, to take charge of said vessels after having boarded them, and to remain on said vessels until the same were anchored in Honolulu Harbor. The following portion of Section 4987, Revised Laws of Hawaii 1945, was set out in the complaint:
>
> " 'Sec. 4987. Pilots; duties, charges.
>
> \* \* \*
>
> " 'Upon the arrival of any vessel making the usual marine signal for a pilot, it shall be the duty of the pilot or pilots in the port immediately to put out to such vessel. Upon boarding

the vessel the pilot shall take charge thereof, and shall not quit the same until she be fully within the harbor or anchored within or without the harbor in a suitable and convenient place as the case may be.'

"That in accordance with Section 4987, a charge for the services of harbor pilots was made by the appellee Territory against vessels entering and leaving Honolulu Harbor.

"That on August 19, 1954, while said Philippine Transport was on a voyage from San Francisco, California, to Honolulu, and when it had reached a point approximately two miles off the entrance to Honolulu Harbor, the said A. N. Hasselgren, acting within the scope of his employment by the appellee Territory as a pilot, boarded the vessel and took charge of the same in order to bring the vessel into Honolulu Harbor, and that thereby the appellee impliedly agreed to bring said vessel safely into Honolulu Harbor.

"That the appellee Territory did not bring said vessel safely into Honolulu Harbor, but, instead, while said vessel was under the care and control of appellee, appellee permitted the vessel to run aground at approximately 8:16 p.m. on August 19, 1954, at a point approximately 280 yards off buoy marker 4 outside said Honolulu Harbor. That said vessel was stranded and damaged on account of said grounding and that appellant was damaged thereby in the total amount of $65,064.51."

On October 10, 1956, the defendant, now appellee, filed in the court below a motion, pursuant to Rule 12 of the Hawaii Rules of Civil Procedure, for an order dismissing the said complaint, for the reasons hereinafter stated:

"That the facts set forth in said complaint show: (1) that the Court is without jurisdiction over the subject matter * * * (2) is without jurisdiction over the person of the defendant. That said complaint (3) fails to set forth a claim against defendant upon which relief can be granted * * * (4) fails to set forth a claim against the defendant upon which relief can be granted, in that:

"(a) It shows on its face that the action sounds in tort and

does not arise out of a contract, express or implied, as required by Section 10475 of the Revised Laws of Hawaii 1945;

"(b) Said complaint fails to show a compliance with Section 4987 of the Revised Laws of Hawaii 1945;

"(c) Section 4987 of the Revised Laws of Hawaii 1945 is not and cannot be construed as a compulsory pilotage statute."

Memorandums of points and authorities pertaining to the motion to dismiss were filed by both parties and subsequently, on February 18, 1957, oral argument was had in the court below.

At the conclusion of the oral argument, the trial court rendered an oral decision as follows:

"The court finds that this is an action in negligence and not in contract. That there is no immunity by virtue of Section 10475, Revised Laws of Hawaii, no waiver of immunity on an action in negligence.

"I will make a further finding that Section 4987 is not a compulsory pilotage section."

On February 21, 1957, an order of dismissal was entered in the court below and from said order this appeal has been taken.

Hereinafter, reference to "the shipowner" is to the plaintiff-appellant herein, and to "the Territory" is to the defendant-appellee.

Although differently framed in the opening brief for the shipowner and in the answering brief for the Territory, the principal question in this case is whether a contract between the shipowner and the Territory could result from the facts alleged in the complaint filed in the court below and the claim of the shipowner be founded in contract, for breach thereof, or the complaint sets forth a cause of action founded in tort for negligence of the pilot therein named.

The shipowner relies upon the three specifications of error quoted below.

"1. The circuit judge erred in granting appellee's motion to dismiss.

"2. The circuit judge erred in finding that this is an action in negligence and not in contract.

."3. The circuit judge erred in not finding that the complaint herein sets forth a claim against the Territory founded upon an implied contract with the Territory and, in particular, in not finding that the complaint set forth an action based upon an implied pilotage contract between appellant and appellee, one of the terms of which was that the appellee would exercise sufficient care, competence and skill to bring appellant's vessel safely into Honolulu Harbor, which implied contract appellee breached."

The shipowner asserts that, "whenever a Territorial pilot, in accordance with Section 4987, Revised Laws of Hawaii 1945, takes charge of a vessel for the purpose of bringing it into Honolulu Harbor an implied pilotage contract arises between the Territory of Hawaii and the shipowner." The shipowner further asserts, "that when such an implied pilotage contract arises one of the terms thereof is an implied agreement by the Territory to perform the pilotage with sufficient care, competence and skill to bring the vessel safely into Honolulu Harbor. Finally, the shipowner asserts, "that if the Territory breaches its implied agreement to use sufficient care, competence and skill to bring the vessel safely into Honolulu Harbor and damages the vessel, said breach gives rise to a claim against the Territory founded upon an implied contract within the meaning of Section 10475, Revised Laws of Hawaii 1945."

Section 10475, Revised Laws of Hawaii 1945, provided (as does now section 245-1, R. L. H. 1955, provides) in part as follows:

"Sec. 10475. Jurisdiction, circuit courts. The several circuit courts shall, subject to appeal and exceptions to the supreme court in the manner now provided by law, have original jurisdiction to hear and determine the following matters, and shall determine all questions of fact involved without the intervention of a jury.

"1. All claims against the Territory founded upon any statute of the Territory; or upon any regulation of an executive department; or upon any contract, expressed or implied, with the Territory; and all claims which may be referred to any such court by either house of the legislature; provided, however, that

no suit shall be maintained, nor shall any process issue against the Territory, based on any contract or any act of any territorial officer which such officer is not authorized to make or do by the laws of the Territory, nor upon any other cause of action than as herein set forth."

Contra to the assertions of the shipowner, as *supra,* the Territory submits that "the facts do not afford a reasonable basis for the inference that the Territory had agreed for a small pilotage fee to indemnify a shipowner against any loss which might arise from failure on the part of the pilot to perform his duties properly. Such an agreement is not readily implied. The law is settled that contractual undertaking cannot be implied unless the circumstances plainly indicate that such an undertaking was within the contemplation of the parties."

Further, *inter alia:*

"Nowhere in Chapter 90, Revised Laws of Hawaii 1945, in which Section 4987 is to be found, is there any provision for the payment by the Territory of any loss resulting from the negligence of pilots; nor is there any provision authorizing the Board of Harbor Commissioners to enter into an agreement so obligating the Territory."

"The instrumentality allegedly causing damage here was a large, highly complex, mechanical vessel. In this posture, it may be that a duty of care was imposed upon the parties, but if so, it was a duty imposed by law by reason of the relationship of the parties and the instrumentality involved rather than a contractual duty of care imposed by appellant. Allegation of the existence of this duty of care imposed by law, the breach thereof, and ensuing damage gives rise to a classic example of a cause of action for negligence sounding in tort."

Section 10475, Revised Laws of Hawaii 1945, which waives the sovereign immunity of the Territory from suit founded upon contract, and upon which the shipowner relies, was modeled after and taken substantially from the federal statute which conferred jurisdiction upon the Court of Claims and the United States Circuit and District Courts, which is known and often referred to as the

"Tucker Act." 24 Stat. 505 (March 3, 1887). See *Meyer* v. *Territory*, 36 Haw. 75, 77; *Bush* v. *Territory*, 13 Haw. 1, 3.

The "Tucker Act" conferred, upon the therein specified federal courts, jurisdiction to adjudicate claims against the federal government, but did not confer jurisdiction nor waive federal immunity with respect to torts committed by federal officers, servants or agents.

In an endeavor to support its contention that when the territorial pilot was taken aboard its ship an implied contract resulted between the Territory and the shipowner to the effect that the Territory would bring the shipowner's vessel, "Philippine Transport," safely into Honolulu harbor, the shipowner has cited and discussed the cases of *Steamship Company* v. *Joliffe*, 2 Wall. 450 (1864); *Steamship Company* v. *Portwardens*, 6 Wall. 31 (1867); *Ryan Stevedoring Co.* v. *Pan-Atlantic SS. Corp.*, 350 U. S. 124, 100 L. Ed. 133, 76 S. Ct. 232 (1955); *American President Lines* v. *Marine Terminal Corp.*, 234 F. (2d) 753 (1956); *City of Long Beach* v. *American President Lines*, 223 F. (2d) 853 (1955); *United States* v. *Bostwick*, 94 U. S. 53, 24 L. Ed. 65, 9 Ct. of Claims 479 (1876); *United States* v. *Huff*, 165 F. (2d) 720 (1948); *Keifer & Keifer* v. *R. F. C.*, 306 U. S. 381 (1939); *Carston Packing Co.* v. *United States*, 62 F. Supp. 524 (1945); *Crouch* v. *United States*, 31 F. (2d) 211 (1928); *The Everett Fowler*, 151 F. (2d) 662 (1945); *Heil* v. *United States*, 273 Fed. 729 (1921); *Campbell Building Co.* v. *State Road Commission*, 95 Utah 242, 70 P. (2d) 857 (1937) and *Chapman* v. *State*, 104 Cal. 690, 38 Pac. 457 (1894). Without discussing them here in detail, suffice it to say that some of said cases did not involve a sovereign as party thereto and others wherein the United States was involved as the sovereign party and claims were allowed under the "Tucker Act," as based on implied contracts, no question was raised as to the authority of the representatives of the sovereign government to enter into contracts on its behalf and the factual situations were such as would have sustained the validity of express contracts entered into by them, or there was an assumption to that effect, their authority for so contracting not being questioned.

The Territory, in opposition to the contention of the shipowner, has cited the cases of *Bigby* v. *United States*, 188 U. S. 400 (1903)

to the effect that a petitioner cannot seek to circumvent the Federal immunity from a claim founded in tort by pleading contract, under the "Tucker Act"; *Riddoch* v. *State,* 68 Wash. 329, 123 Pac. 450 (1912), to the effect that the State, in making a contract and assuming a resultant liability thereon does not assume a liability for a tort committed by its officers or agents in connection with the subject matter of the contract, for which the contract furnishes no basis for a measure of damages; *Denning* v. *State,* 123 Cal. 316, 55 Pac. 1000 (1899) to the same effect as *Riddoch* v. *State; Williamson* v. *Pacific Greyhound Lines,* 67 Cal. App. (2d) 250, 153 P. (2d) 990 (1944), to the effect that in determining whether an action is on the contract or in tort, the character of the action is to be determined by the nature of the grievance rather than by the form of pleadings; *Stevens* v. *The White City,* 285 U. S. 195, 201 (1932), to the effect that it has long been settled that a suit by the owner of a tow against her tug to recover for an injury to the tow caused by negligence on the part of the tug is a suit *ex delicto* and not *ex contractu; The John G. Stevens,* 170 U. S. 113 (1898), as to the same effect as *Stevens* v. *The White City; De Mirjian* v. *Ideal Heating Corp.,* 91 Cal. App. 905, 206 P. (2d) 20 (1949), to the effect that although a relationship between plaintiff and defendant was created by a lease contract, defendant's duty to exercise reasonable care, and to respond in damages for a failure to do so, were imposed by force of law, independent of any contract or the terms thereof; and *Brokaw* v. *Blacke-Foxe Military Institute,* 216 P. (2d) 53 (1950), to the effect that, irrespective of contract, if the relationship of the parties is such that a duty to take care arises therefrom, the party upon whom the duty rests is negligent, an action for tort lies.

That a State will be liable for the torts of its officers, agents, or servants only where the State has clearly and definitely given its consent thereto and that recovery upon such actions is not permitted where the State has merely enacted a general statute authorizing suit against the State is a proposition supported by annotations found in 13 A. L. R. 1276 and 169 A. L. R. 105. In the territorial statute, Section 10475, R. L. H. 1945 (Section 245-1, R. L. H. 1955), quoted *supra,* the Territory has waived sovereign immunity expressly with respect to contracts only and there is not

36

therein any clear and definite consent to be sued for the torts of its officers, agents, or servants. Therefore, under the general rule, stated *supra,* the action in the instant case being for the alleged negligence, of a pilot in the general employ of the board of harbor commissioners and so of the Territory, is not maintainable as an action in tort.

Assuming arguendo, but neither conceding nor holding, that when the master of the "Philippine Transport" signaled for a pilot and, the territorial pilot responded and boarded the ship for the purpose of piloting it, a contract of hiring of the pilot by the shipowner could be inferred or presumed and an implied covenant of such a contract would be that the pilot would guide the said vessel safely into Honolulu harbor, but whether the pilot could by such a contract bind the Territory as well as himself would be dependent upon the authority of the pilot to act on behalf of the board of harbor commissioners, and the extent and limitation of the authority and power of the latter to enter into a contract on behalf of the Territory.

The Territory can only be bound by contract authorized by and entered into in accordance with statutory provisions of the laws of the Territory of Hawaii, and Section 4983, Revised Laws of Hawaii 1945 (now Section 112-3, R. L. H. 1955), *inter alia,* provides as follows:

> "All contracts and agreements authorized by law to be entered into by the board [board of harbor commissioners] shall be executed on its behalf by its chairman."

The above-quoted provision is mandatory and a limitation on the power of the board of harbor commissioners to bind the Territory.

Affirmed.

*Richard E. Stifel (Anderson, Wrenn & Jenks* with him on the briefs) for plaintiff-appellant.

*Willson C. Moore, Jr.,* Deputy Attorney General (Attorney General with him on the brief), for the Territory, defendant-appellee.