**UNITED STATES of America,**
**Plaintiff,**

v.

**ISLAND CONSTRUCTORS, INC., and American Surety Company of New York, Defendants.**

**Civ. 156–59.**

United States District Court
D. Puerto Rico,
San Juan Division.

Dec. 23, 1959.

**134**

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Francisco Castro Amy, San Juan, P. R., for American Surety Co. of N. Y.

RUIZ-NAZARIO, District Judge.

This is an action by the United States to collect Federal Insurance Contribution taxes in the amount of $7,310.93 and interest thereon, assessed against Island Constructors Inc. Codefendant American Surety Company of New York executed a performance bond with Island Constructors Inc., as principal, and Nolla, Galib & Co. as obligee, Island Constructors being subcontractors of Nolla, Galib & Co. in the construction of a storm sewer project in the Ocean Park area of San Juan, Puerto Rico. By the terms of the subcontract Island Constructors Inc. agreed to pay all taxes required by Fed-

eral Law in the performance of its work. The American Surety Company has moved to dismiss the complaint against it, the other defendant being in default. The government, in resisting the motion to dismiss, contends that it is a third party beneficiary under the bond when the same is read and construed with the contract. In support of this position it relies on United States v. Phoenix Indemnity Company, 4 Cir., 231 F.2d 573, 574, in which it was held that the bond was broad enough to cover both Federal Insurance Contributions, taxes and withholding taxes.

The contract in the Phoenix case provided that the contractor should "provide and pay for all materials, labor, * * taxes legally collectible because of the work and all other services and facilities of every nature whatsoever necessary to execute the work under the contract", and the bond provided that the bond would be void and of no effect if "the principal should 'well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of the construction contract; * * *'" and if the principal should "promptly make payment to all persons supplying labor and materials in the prosecution of the work * * *". In the case now before the court, the provisions of both the contract and the bond are much narrower than in the Phoenix case. The present bond merely covers completion of the work; it does not in terms cover performance and fulfillment of "all undertakings, covenants, terms, conditions and agreements of every nature whatsoever necessary to execute the work under the contract", as in Phoenix; and insofar as the present contract is concerned, it does not in any way create any obligation on the part of the subcontractor to pay any taxes: its obligation regarding payment of Federal taxes arises from Federal law, not in the contract with Nolla, Galib & Co. As stated in United States Fidelity & Guaranty Company v. United States, 10 Cir., 201 F.2d 118, 119, this "did not create the liability * * * for the payment of these taxes. It was merely declaratory of

\* \* \* existing liability under the federal tax laws."

But there is more. The performance bond in this case, unlike the Phoenix case, supra, contains the express provision that "No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner (Nolla, Galib & Co.) named herein or the heirs, executors, administrators or successors of owner." Under this provision it is clear to me that the government cannot claim for taxes as a third party beneficiary. See In re Fowble, D.C., 213 F. 676. Hartford Accident & Indemnity Co. v. Board of Education, 4 Cir., 15 F.2d 317, cited by plaintiff is not in point because in that case the restriction of rights of action to the obligee was held to be void for the reason that it was contrary to statute and the public policy of the state, an entirely different situation from the one now before me. The motion to dismiss must therefore be granted. It is so ordered.