ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff-Appellee, *v.* HAWAIIAN INSURANCE & GUARANTY COMPANY, Defendant-Appellant

NO. 7661

CIVIL NO. 57552

DECEMBER 17, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a summary judgment entered below upon the appellee's complaint for declaratory relief. Appellant was the primary medical malpractice insurance carrier of Clifford K. W. Chock, M.D. and John H. Takamura, M.D. and David A. Johnson, M.D., dba Medical Anesthesia. As a result of the death of Robert Takada, two lawsuits against them were filed, consolidated and settled for a lump sum of $165,000. Appellee carried the excess over $100,000 on the insurance coverage. The judgment below held that appellant should pay the $65,000 excess rather than appellee. We affirm.

Marveen Takada, individually and as the guardian ad litem of Kevin Christian Takada and as temporary administratrix of the Estate of Robert Takada, brought the wrongful death actions

against Drs. John H. Takamura, David A. Johnson and Clifford Chock, among others, alleging that on three occasions, two by Dr. Takamura and one by Dr. Johnson, the insureds negligently administered Halothane anesthetic to the decedent Robert Takada and that those three administrations contributed to his death.

A number of issues are argued in the case, but one appears dispositive. Paragraph III of the policy issued by appellant provides that:

> The limit of liability stated in the schedule as applicable to "each claim" is the limit of the company's liability for all damages because of each claim or suit covered hereby. The limit of liability stated in the schedule as "aggregate" is, subject to the above provision respecting "each claim", the total limit of the company's liability under this coverage and under this policy for all damages. The inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

The policy contains no definition of the word "claim". Appellant argues that there was one "claim" since there was one death and that therefore, the limit of its liability was $100,000.

Insurance contracts are contracts of adhesion and as the Supreme Court of Hawaii has held, they are to be liberally construed in favor of the insured and against the insurer. *Masaki v. Columbia Casualty Co.,* 48 Haw. 136, 395 P.2d 927 (1964); *State Farm Mut. Auto. Ins. Co. v. Bailey,* 58 Haw. 284, 568 P.2d 1185 (1977); *Standard Oil Co. of California v. Hawaiian Ins. & Guaranty Co.,* 2 Haw. App. 451, 634 P.2d 123 (1981).

It appears to us that the three separate acts of negligence alleged as causes of the death of the claimant are each claims, according to the commonly accepted meaning of that word in the law. Certainly the only "claims" against the two involved physicians individually, as distinguished from their partnership responsibility, is for their separate individual acts. If they were insured by different insurers, there could be no argument but that a "claim" had been stated against each. It is only by virtue of their being insured under the same policy that the argument is made that there are not separate "claims" against them.

As the Supreme Court of Hawaii stated long ago in construing a statute where the word "claim" was used, "Lord Coke said 'That the word demand is the largest word in the law, except claim.' 8 Bac.

Abr., 283." *High v. Hawaiian Government,* 8 Haw. 546, 549 (1892). In the policy provision in question, the phrase "each claim or suit" is used in the disjunctive. Even though the two negligence cases were consolidated and settled together, since there were three "claims", resulting in two suits, the settlement for $165,000 was within the coverage afforded by appellant and the judgment below is affirmed.

*Gary N. Hagerman (Beverly Hiramatsu* on the briefs, *Lyons, Hagerman & Brandt* of counsel) for appellant.

*Ronald D. Libkuman (Libkuman, Ventura, Moon & Ayabe* of counsel) for appellee.