ROBERT J. VAN DUSEN and LANA N. VAN DUSEN, Plaintiffs-Appellants, *v.* G. S. SHIMA CONTRACTING, INC., a Hawaii corporation, Defendant, and MID-PAC LUMBER CO., LTD., a Hawaii corporation, Defendant-Appellee

NO. 7726

(CIVIL NO. 54158)

JUNE 7, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiffs Robert J. and Lana N. Van Dusen (Van Dusens) appeal the summary judgment entered in favor of Mid-Pac Lumber Co., Ltd. (Mid-Pac). The lower court held as a matter of law that Mid-Pac's bond does not cover the Van Dusens' alleged damages. We reverse.

Viewed most favorably to the Van Dusens, the facts are as follows. By Construction Contract (contract) dated July 22, 1975, G. S. Shima Contracting, Inc. (Shima) agreed for $50,712.60 to build the Van Dusens a new residence on property identified by Tax Map Key No. 4-5-22-39 and located in Kaneohe, Hawaii. The contract stated in relevant part: "2. Bond: Before commencing work, Contractor shall furnish a performance and payment bond in an amount equal to fifty per cent (50%) of the contract price."

On September 4, 1975, Mid-Pac issued a 1961 Savings & Loan League of Hawaii form "Uniform Performance Bond, Assignment of Contract and Agreement" (bond), which provided in relevant part:

THAT G. S. SHIMA CONTRACTING AND G. S. SHIMA, as Principal, and MIDPAC LUMBER CO., LTD. a Hawaii corporation, as Surety, are held and firmly bound unto MR. AND MRS. ROBERT VAN DUSEN, hereinafter called Owner, and ISLAND FEDERAL SAVINGS AND LOAN, hereinafter called Mortgage, in the sum of TWENTY FIVE THOUSAND THREE HUNDRED FIFTY SIX AND 30/100******** ($25,356.30) DOLLARS[.]

\* \* \*

NOW, THEREFORE, the condition of this Bond is such that if [Shima] shall in all things well and truly keep, observe and perform the convenants, conditions and agreements of said Contract, and at the time and in the manner and form therein specified, and shall deliver the said work to [the Van Dusens]\* \* \*fully completed, free from all liens and claims, and such delivery shall be without further costs, expense or charge to [the Van Dusens]\* \* \*than said contract price of $50,712.60, and shall hold and save [the Van

Dusens]* * *harmless from all liens, suits, actions or damages of every nature and kind arising or caused from or on account of any failure on the part of [Shima] faithfully to perform the convenants and agreements of the said contract; then this Bond shall be void; otherwise, it shall be and remain in full force and effect.

\* \* \*

PROVIDED, FURTHER, that this Bond shall be null and void upon the expiration of the statutory period for filing mechanics' and materialmen's liens if no notice or claim of such be filed within said period[.]

By letter dated October 14, 1976, the Van Dusens notified Shima and Mid-Pac of deficiencies in "the concrete slab of our house" and in "the panelling in the downstairs area."

On October 29, 1976 and November 5, 1976, a notice of substantial completion pursuant to Hawaii Revised Statutes (HRS) section 507-43(f) (1976) was published. No lien notices or claims were filed within the time for filing prescribed in HRS section 507-43(b) (1976).

On March 20, 1978, the Van Dusens sued Shima and Mid-Pac for performance or damages. On November 1, 1979, the lower court entered summary judgment in favor of Mid-Pac against the Van Dusens.[1]

On appeal, the Van Dusens contend that they are entitled to a trial on two theories: 1) that the bond obligates Mid-Pac to pay the cost of correcting Shima's deficient performance of the contract; and 2) that Mid-Pac is liable to the Van Dusens for damages resulting from Mid-Pac's breach of its duty to warn the Van Dusens that Shima was unlicensed and in financial difficulty. *Reliable Collection Agency, Ltd. v. Aquarius Indus-*

---

[1] On November 14, 1979, the lower court filed a stipulated judgment in favor of the Van Dusens against Shima in the amount of $8,733.02, inclusive of costs and attorney's fees. This judgment appears not to be dispositive of any issues in the case at bar. *See Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530 (7th Cir. 1981); *United States v. Hayes*, 369 F.2d 671 (9th Cir. 1966); *Monmouth Lumber Company v. Indemnity Insurance Co. of North America*, 21 N.J. 439, 122 A.2d 604 (1956).

*tries, Inc.,* 56 Haw. 251, 535 P.2d 129 (1975).

We agree that the Van Dusens are entitled to a trial on the first theory. Consequently, we do not express any opinion on the merit of the second theory.

Mid-Pac contends that the Van Dusens' notice of October 14, 1976 did not satisfy the notice requirement of the bond because "that letter of complaint was not the application for mechanic's lien [which] afforded coverage under the terms of the Bond." Apparently, Mid-Pac construes the bond as protecting against mechanics' and materialmen's liens only and not to cover Shima's performance. We disagree. In the bond, Mid-Pac explicitly assures Shima's observance and performance of "the covenants, conditions and agreements" of the contract.

We recognize an ambiguity in the bond's notice requirement because it can be interpreted as requiring the Van Dusens to timely notice or claim a lien against their own property to obtain benefits under the bond. However, since contractors' bonds are more like insurance contracts than gratuitous personal guarantees, the rule of construction applicable to contractors' bonds is that ambiguities in the bond will be construed most strongly against the surety and in favor of the beneficiaries under the bond. *See* 17 Am.Jur.2d *Contractor's Bonds* § 3 (1964); 12 Am.Jur.2d *Bonds* § 25 (1964); *St. Paul Fire & Marine Ins. Co. v. Hawaiian Ins. & Guaranty Co.,* 2 Haw. App. 595, 637 P.2d 1146 (1981). In that light, we construe the bond not as requiring the Van Dusens to file a timely notice or claim of lien but as requiring them to notify Mid-Pac of Shima's nonperformance or defective performance prior to the expiration of the statutory period for filing mechanics' and materialmen's liens. The Van Dusens' letter of October 14, 1976 appears to have satisfied this requirement. Consequently, summary judgment was erroneously granted.

Reversed and remanded for further proceedings consistent with this opinion.

*Wesley K. C. Lau (Lau & Durham* of counsel) for appellants.

*Michael L. Freed* (with him on the brief *Cheryl A. Nakamura; Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for appellee.