**ISLAND INSURANCE COMPANY, LTD., Plaintiff,**

v.

**HAWAIIAN FOLIAGE & LANDSCAPE, INC., a Hawaiian Corporation, Kenneth Kate; Oahu Construction Company, Limited, a Hawaii Corporation; United States of America, a Governmental Entity; Seiji Naya; Ray K. Kamikawa; Lorraine H. Akiba; and CB Bancshares, Inc., a Hawaii corporation, Defendants.**

No. Civ.97–01084 DAE.

United States District Court, D. Hawaii.

March 10, 1999.

Brian P. Aburano, Pacific Law Group, Honolulu, HI, for Island Insurance Company, Ltd.

Archie T. Ikehara, Herman W.H. Lee, Fujiyama Duffy & Fujiyama, Honolulu, HI, for Oahu Construction Company, Limited, a Hawaii Corporation.

Michael Chun, Office of the United States Attorney, Honolulu, HI, Bernard J. Knight, Jr., U.S. Department of Justice, Washington, DC, for United States of America, a Governmental Entity.

Frances E.H. Lum, Office of the Attorney General—State of Hawaii, Honolulu, HI, for Hawaii, State of, a Governmental Entity.

Myra M. Kaichi, Dept of the Attorney General, State of Hawaii, Honolulu, HI, for Seiji Naya.

Frances E.H. Lum, Department of the Attorney General, Honolulu, HI, Iris M. Kitamura, Michael H. Hosokawa, Department of the Attorney General, Honolulu, HI, for Ray K. Kamikawa.

*ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANT UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING DEFENDANTS DIRECTOR OF TAXATION AND DIRECTOR OF LABOR AND INDUSTRIAL RELATIONS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT*

DAVID ALAN EZRA, Chief Judge.

The court heard the parties' Motions on February 1, 1999. Brian Aburano, Esq., appeared at the hearing on behalf of Plaintiff; Bernard J. Knight, Jr., Esq., appeared at the hearing on behalf of Defendant United States of America; Deputy Attorney General Michael H. Hosokawa appeared at the hearing on behalf of Defendant Director of Taxation for the State of Hawaii; and Deputy Attorney General Frances E.H. Lum appeared at the hearing on behalf of Director of Labor and Industrial Relations for the State of Hawaii. After reviewing the Motions and the supporting and opposing memoranda, the court GRANTS Plaintiff's Motion for Partial Summary Judgment, DENIES Defendant United States' Motion for Partial Summary Judgment and DENIES Defendants Director of Taxation and Director of Labor and Industrial Relations' Joint Motion for Partial Summary Judgment.

## BACKGROUND

This case involves the alleged liability of a surety under a Subcontractor's Performance and Payment Bond for various withholding and similar employment taxes owed to the United States and the State of Hawaii. On December 30, 1992, Defendant Oahu Construction Company, Limited, ("Obligee"), entered into a contract with the City and County of Honolulu to perform work that included construction of the Ewa Villages Golf Course ("Ewa Villages"). On April 26, 1993, Oahu Construction entered into a subcontract (the "Subcontract") with Hawaiian Foliage & Landscape, Inc., ("Principal"), pursuant to which the Principal was required to perform landscaping work at the Ewa Villages project.

On November 22, 1993, Island Insurance Company, Inc. ("Plaintiff") issued a "Subcontractor's Performance and Payment Bond" ("the Bond"), naming Hawaiian Foliage as the Principal and Oahu Construction as Obligee. Under the Bond, Plaintiff agreed to pay certain obligations incurred by the Principal in the event the Principal failed to perform its contractual duties under the Subcontract.

In the course of performing its responsibilities under the Subcontract, the Principal incurred substantial obligations to other subcontractors, suppliers and creditors. In addition, the Principal incurred debts to the United States, the Director of Taxation and the Director of Labor and Industrial Relations for the State of Hawaii for unpaid withholding and other employment taxes.

Hawaiian Foliage eventually defaulted on the Subcontract. Pursuant to the Bond, Plaintiff paid selected obligations on behalf of the Principal. Plaintiff has refused to pay the Principal's tax debts, however, disputing its obligation to do so under the Bond. On August 19, 1997, Plaintiff filed its Complaint. In Count Two of the Complaint, Plaintiff sought a judgment declaring that it was not liable under the Bond for employment taxes owed by the Principal to the Governments of the State of Hawaii and the United States. On October 31, 1997, Defendant United States ("U.S.") filed a counterclaim against Plaintiff, demanding the unpaid withholding, employment security and excise taxes owed to the United States by the Principal for work performed under the Subcontract. Defendants Director of Taxation ("DOT") and Director of Labor and Industrial Relations ("DLIR") for the State of Hawaii have filed similar counterclaims.[1] All parties now move for Partial Summary Judgment with respect to this issue.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). The movant must be able to show "the absence of a material and triable issue of fact," *Richards v. Neilsen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987), although it need not necessarily advance affidavits or similar materials to negate the existence of an issue on which the nonmoving party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. *But cf., id.,* at 328, 106 S.Ct. 2548 (White, J., concurring).

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support his legal theory. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on his pleadings, nor can he simply assert that he will be able to discredit the movant's evidence at trial. *See T.W. Elec.,* 809 F.2d at 630. Similarly, legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Moreover, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475

---

**1.** For purposes of this Motion, Defendants United States of America, Director of Taxation for the State of Hawaii and Director of Labor and Industrial Relations for the State of Hawaii will hereinafter be referred to as "Defendants."

U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)) (original emphasis).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Insurance Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Eisenberg,* 815 F.2d at 1289.

However, when "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." *T.W. Elec.,* 809 F.2d at 631. Also, inferences from the facts must be drawn in the light most favorable to the nonmoving party. *Id.* These inferences may be drawn both from underlying facts that are not in dispute, as well as from disputed facts which the judge is required to resolve in favor of the nonmoving party. *Id.*

## DISCUSSION

■■■ This case requires the court to determine whether a surety is liable under a bond it issued for unpaid taxes owed by the principal. Federal courts look to state law to construe common law surety contracts. *Mai Steel Serv., Inc. v. Blake Constr. Co.,* 981 F.2d 414, 421 (9th Cir. 1992) (construing a bond in accordance with California law). In construing contractors' bonds, Hawaii law applies traditional principles of contract interpretation. *See Van Dusen v. G.S. Shima Contracting, Inc.,* 4 Haw.App. 261, 664 P.2d 753, 754 (1983). Under traditional contract principles, "the terms of a contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning." *Pancakes of Hawaii, Inc. v. Pomare Properties Corp.,* 85 Hawai'i 300, 944 P.2d 97, 102 (1997) (internal citations and quotation marks omitted).

The two contracts at issue in this case are the Bond and the Subcontract. The Bond identifies Hawaiian Foliage as the Principal and Plaintiff as the surety. It further provides that Plaintiff is liable to Oahu Construction, as Obligee, on behalf of Hawaiian Foliage. If the Principal fails to meet its obligations under the Subcontract, Plaintiff's duties under the Bond are triggered:

> NOW, THEREFORE, if the said Principal shall duly and truly perform and complete said subcontract and pay for all materials used in the performance of same and shall hold the said Obligee free and harmless from and against all claims for any and all labor and materials used in the performance of said subcontract, which may or shall arise by reason of the failure of the said Principal to furnish, deliver and pay for any and all labor and materials in connection with the said subcontract, then this obligation shall be null and void; otherwise to remain in full force and effect.

The above provision of the Bond explains that if the Principal "perform[s] and complete[s]" the subcontract, paying all costs associated with "any and all labor and materials," it is not liable to the Obligee for its debt under the Bond. If it fails to do so, however, Plaintiff is liable to the Obligee for unpaid costs associated with labor and materials.

■■■ Because Defendants were not parties to the Bond, they are entitled to recover for the unpaid taxes from Plaintiff under the Bond only if they are third party beneficiaries of the Bond. Hawaii law defines third party beneficiaries as persons "who are recognized as having enforceable rights created in them by a contract to which they are not parties and for which they give no consideration." *Eastman v. McGowan,* 86 Hawai'i 21, 946 P.2d 1317, 1323 n. 7 (1997). "[F]or one to be able to avail himself of a promise in an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit.... [O]ne suing as a third

party beneficiary has the burden of showing that the provision was for his direct benefit." *United States v. Maryland Casualty Co.*, 323 F.2d 473 (5th Cir.1963) (internal citations and quotation marks omitted). The precise issue before the court, then, is whether Defendants have established that the parties to the Bond executed the Bond, in part, to benefit Defendants.

■ The language of the Bond makes clear that it was executed for the benefit of Oahu Construction, as the Obligee. In the event of a default, the Obligee may be held liable for "any and all claims for any and all labor and materials used in the performance of [the] subcontract." The purpose of the Bond is to ensure that the Obligee is not held liable for unpaid wages, materials and supplies, for which it may otherwise be liable under state law. The Bond thus provides that Plaintiff is "bound unto" the Obligee, in the event that the Principal fails to meet its obligations under the Subcontract. The language of the Bond being the best evidence of the parties' intent, it is clear that the parties intended to directly benefit only the Obligee, and by extension, to indirectly benefit only those parties to which the Obligee may be held liable in the event of a default by the Principal. These are the sole "third party beneficiaries" who can recover under the Bond.

■ In this case, there is no indication or evidence before the court that the Obligee may be held liable to Defendants for the unpaid taxes owed by the Principal. On the contrary, the general rule is that the duty of an employer to pay state and federal employment taxes "is a tax liability for which he alone is liable to the Government." *United States Fidelity & Guaranty Co. v. United States*, 201 F.2d 118, 120 (10th Cir.1952), *citing United States v. New York*, 315 U.S. 510, 62 S.Ct. 712, 86 L.Ed. 998 (1942); *see also New Amsterdam Casualty Co. v. Bd. of Educ.*, 193 F.Supp. 305, 307 (D.N.J.1961) (holding that a surety was not liable for "withholding taxes and similar taxes which the contrac-

tor failed to pay while engaged in the construction work for which the bond was given"). When the Principal defaulted, its liability for the unpaid taxes could not be imposed on the Obligee, an innocent third party, because that duty inhered solely in the Principal.

Admittedly, third parties may be held liable for such taxes in narrow circumstances. There is authority under federal law for holding a "lender, surety, or other person" liable for unpaid withholding taxes. *See* 26 U.S.C. §§ 3505(a) & (b). These sections, however, apply only in cases in which the third party "pays wages directly" to the employees, or supplies funds to the employer "for the specific purpose of paying wages of the employees." Similarly, a Hawaii statute allows withholding taxes to be collected from any party "having control of the payment of the wages if the employer ... does not have control thereof." *See* Haw.Rev.Stat. § 235–61(a)(3)(B).

Neither of these statutes applies in this case. Here, Defendants seek taxes that the Principal failed to remit at the time it controlled its funds and payment of wages. The Counterclaim for Defendant U.S. states: "*During the time when Hawaiian Foliage & Landscape, Inc. was performing services pursuant to the Subcontract Agreement* dated April 26, 1993 and described above in paragraph 6 of this counterclaim, it failed to pay the following employment and unemployment taxes to the United States." Defendant U.S. Answer and Counterclaim at ¶ 8 (emphasis added). Thus, because the unpaid taxes accrued when the Principal had control over its payment of wages, Plaintiff may not be held liable for these funds.

Similar provisions applying to liability for employment security taxes and excise taxes under Hawaii law preclude Defendants' recovery of such taxes against Plaintiff. Under Haw.Rev.Stat. § 237–1, a "person" or "company" may be held liable for general excise taxes only if such taxes are accrued while the entity is "doing busi-

ness," either for itself or in a fiduciary capacity. Likewise, Haw.Rev.Stat. § 383–1 specifies that employment security taxes may be imposed only on an "employing unit," which is defined as an entity "which for some portion of a day within the current calendar year has or had in employment one or more individuals." H.R.S. § 383–1. By their terms, these sections apply only to parties actively doing business as an employer. Thus, while Plaintiff may be taxed on any wages it paid while acting as an employer, it may not be held liable for taxes that accrued while the Principal was acting as the employer.

Given these considerations, it is clear that Plaintiff may not be held liable for the unpaid taxes. Plaintiff obligated itself, in the event of the Principal's default, to pay any expenses that would otherwise be payable by the Obligee. The Obligee is not liable for the unpaid taxes because that is a duty that inheres solely in the Principal. Thus, because the Bond was executed to protect Oahu Construction as Obligee, and Oahu Construction may not be held liable for the unpaid taxes, the Principal's tax liability may not be imposed on Plaintiff.

Defendants insist that Plaintiff is liable for the unpaid taxes because the Bond incorporates the duties owed by the Principal under the Subcontract. Defendants correctly point out that the Bond specifically states that the Subcontract is "referred to as a part of [the] obligation" imposed by the Bond. The Subcontract includes a provision requiring the Principal to "pay any and all taxes … imposed by the United States … upon any wages, salary or renumeration paid to persons employed by SUBCONTRACTOR." Relying on these provisions, Defendants argue that the Bond imposes on Plaintiff the duty to assume the Principal's tax liability under the Subcontract.

Defendants' argument ignores that withholding taxes owed by an employer arise by virtue of law and not due to any contractual relationship. *Central Bank v. United States*, 345 U.S. 639, 73 S.Ct. 917, 97 L.Ed. 1312 (1953); *Westover*

*v. William Simpson Constr. Co.*, 209 F.2d 908 (9th Cir.1954). The provision of the Subcontract requiring the Principal to pay all applicable taxes did not create its tax obligation, but was merely declaratory of its existing legal duty. *See Maryland Casualty Co.*, 323 F.2d at 475; *United States Fidelity & Guaranty Co.*, 201 F.2d at 119. Thus, while Defendants are correct in arguing that the Bond incorporates the duties imposed by the Subcontract, this fact is immaterial where, as here, the disputed duty arises not under the Subcontract but by operation of law.

Numerous other courts have reached the same conclusion. *See Maryland Casualty Co.*, 323 F.2d 473; *Westover*, 209 F.2d 908; *United States v. Crosland Constr. Co.*, 217 F.2d 275 (4th Cir.1954); *United States v. Seaboard Surety Co.*, 201 F.Supp. 630 (N.D.Tex.1961); *United States v. Island Constructors, Inc.*, 179 F.Supp. 133 (D.P.R.1959). In each of these cases, courts reviewing similar surety bonds concluded that the surety could not be held liable for the unpaid taxes of the principal.

The court is not persuaded by the cases to the contrary cited by Defendants. *See, e.g., Home Indemnity Co. v. F.H. Donovan Painting Co.*, 325 F.2d 870 (8th Cir. 1963); *United States v. Phoenix Indemnity Co.*, 231 F.2d 573 (4th Cir.1956). In both of these cases, the courts relied heavily on provisions of the Subcontract imposing on the principal the duty to pay all withholding taxes. As the court has already concluded, an employer's duty to pay withholding taxes is a duty arising under law and not a contractual duty imposed by contract. *Central Bank*, 345 U.S. at 639, 73 S.Ct. 917. The inclusion of such provisions merely declares pre-existing obligations already owed by the principal. Thus, the provision of the Subcontract declaring the Principal tax liability does not convince the court that this duty was extended to Plaintiff under the Bond.

Accordingly, the court concludes that Plaintiff may not be held liable for the unpaid taxes owed by the Principal.

*CONCLUSION*

For the foregoing reasons, the court GRANTS Plaintiff's Motion for Partial Summary Judgment, DENIES Defendant United States' Motion for Partial Summary Judgment, DENIES Defendants Director of Taxation and Director of Labor and Industrial Relations' Motion for Partial Summary Judgment.

IT IS SO ORDERED.